IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

**FILED**

**June 17, 2019**

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **VALARIE SMITH and CENTENNIAL BANK,** § § § | |
| **Plaintiffs,** § § | |
| § | **CIVIL ACTION NO. 2:18-cv-00210-D** |
| v. § § | |
| **STATE FARM LLOYDS,** § § | |
| **Defendant.** § | |

### DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER

1.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.1 of Plaintiffs' Complaint.

2.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.1 of Plaintiffs' Complaint. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2.2 of Plaintiffs' Complaint.

3.   Defendant denies the first two sentences of paragraph 2.3 of Plaintiffs' Complaint, because State Farm Lloyds is an unincorporated association of underwriters organized under a Lloyds Plan and not an insurance company and did not write the policy in question. However, policy number 84-B5-Z131-9 was issued in State Farm Lloyd's name to insure Valarie Smith's property located in Hale County, Texas. The policy was not in force at the time of the events in question. Defendant admits the second sentence of paragraph 2.3 of

Plaintiffs' Complaint. Defendant admits it was served through its attorney for Service Corporation Service Company.

4. Defendant admits paragraph 3.1 of Plaintiffs' Complaint where it states the amount in controversy exceeds the minimum jurisdictional limits of the state district court in which it was originally filed, but denies liability for the damages sought herein.

5. Defendant admits that the property at issue in this lawsuit is located in Hale County, Texas, but denies that policy 84-B5-Z131-9 was written in Hale County, Texas.

6. Defendant admits the allegations contained in the first sentence of paragraph 4.1 of Plaintiffs' Complaint. Defendant admits that policy 84-B5-Z131-9 was issued in its name insuring the property in question beginning in 2014. Centennial Bank is the Mortgagee for that property, but denies that policy 84-B5-Z131-9 was in force at the time of the events in question and denies that Centennial Bank was an insured under the policy while it was in force.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 4.2 of Plaintiffs' Complaint. Defendant denies the allegations in the second sentence of this paragraph as written but contends that policy 84-B5-Z131-9 in question was not in force at the time of the incident in question.

8. Defendant denies the allegations in paragraph 4.3 of Plaintiffs' Complaint.

9. Defendant admits the allegations of paragraph 4.4 of Plaintiffs' Complaint that Valarie Smith and Centennial Bank sent demand letters. Defendant admits that because policy 84-B5-Z131-9 in question was not in force at the time of the fire in question, the claim at issue was not paid nor was the policy in question reinstated. Defendant denies the remainder of this paragraph.

10. Defendant denies allegations contained in paragraph 4.5 of Plaintiffs' Complaint as written, but admits that policy 84-B5-Z131-9 was non-renewed.

11. Defendant denies paragraph 4.6 as written. Defendant admits that in June 2018 Plaintiffs received additional payment for their April 2017 hail loss.

12. Defendant denies the first sentence of paragraph 5.1.1 of Plaintiffs' Complaint as written. Defendant admits that policy 84-B5-Z131-9 was issued in its name, but denies that the policy was in force at the time of the event(s) at issue in this lawsuit. Defendant admits the property in question sustained a fire loss and Plaintiffs gave notice of the fire, but denies the remainder of this paragraph.

13. Defendant denies the allegations contained in paragraph 5.1.2 of Plaintiffs' Complaint.

14. Defendant denies the allegations of paragraph 5.1.3 of Plaintiffs' Complaint as written.

15. Defendant denies the allegations contained in paragraph 5.2.1 of Plaintiffs' Complaint.

16. Defendant denies the allegations contained in paragraph 5.2.2 of Plaintiffs' Complaint.

17. Defendant denies the first sentence of paragraph 5.2.3 of Plaintiffs' Complaint. Defendant denies the second sentence of paragraph 5.2.3 of Plaintiffs' Complaint as written but admits policy 84-B5-Z131-9 was not renewed. Defendant is without sufficient information to admit when the repairs in question were completed. Defendant denies the remainder of paragraph 5.2.4 of Plaintiffs' Complaint.

18. Defendant denies paragraph 5.2.4 of Plaintiffs' Complaint.

19. Defendant denies the allegations of Paragraph 5.3.1.

20. Defendant denies the allegations of Paragraph 5.3.2.

21. Defendant denies Plaintiffs are entitled to the damages sought in paragraph 5.3.3 of Plaintiffs' Complaint.

22. Defendant denies the allegations contained in paragraph 5.5.1 of Plaintiffs' Complaint.

23. Defendant denies the allegations contained in paragraph 5.5.2 of Plaintiffs' Complaint.

24. Defendant denies the allegations contained in paragraph 5.4.1 of Plaintiffs' Complaint.

25. Defendant denies the allegations contained in paragraph 5.4.2 of Plaintiffs' Complaint.

26. Defendant denies the allegations contained in paragraph 6.1 of Plaintiffs' Complaint.

27. Defendant denies the allegations contained in paragraph 7.1 of Plaintiffs' Complaint.

## II.
## SPECIFIC DENIALS

28. Pleading further, Defendant asserts the following specific denials:

   28.1. EXISTENCE OF COVERAGE – Defendant would show that the policy in question was properly non renewed and proper notice was given to Plaintiffs. Accordingly, there is no coverage for the claim at issue in this lawsuit.

28.2. POLICY LIMITS – Assuming the coverage alleged by Plaintiffs existed at the time of the event(s) in question, any recovery will be subject to the limit of liability applicable to the dwelling at issue which is $326,800, with a Dwelling Extension of up to $50,000.00.

28.3. DEDUCTIBLE – Assuming the coverage alleged by Plaintiffs existed at the time of the event(s) in question, any recovery will be subject to the amount of the applicable deductible within the insurance policy. The applicable deductible for wind or hail is $3,268.

28.4. DAMAGES AND LOSS CAUSED BY SOMETHING OTHER THAN THE MAY 1, 2018 FIRE – Assuming the coverage alleged by Plaintiffs existed at the time of the event(s) in question, Plaintiffs' claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, pre-existed or post-dated the alleged date of Loss.

28.5 Defendant is entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiffs as a result of the insurance claim or claims as reported to State Farm, including, but not limited to, the sum paid by State Farm to Centennial Mortgage in the amount of $242,821.93. Defendant is also entitled to a credit or offset against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible in the amount of $3268.00.

## III.
## AFFIRMATIVE DEFENSES

29. Plaintiffs' claims are barred because Plaintiffs fail to state a claim upon which relief may be granted. Specifically, Plaintiffs have failed to sufficiently describe a single cause of action under the Texas Insurance Code for which relief may be granted against Defendant. As such Plaintiffs' extra-contractual claims against Defendant should be dismissed.

30. The existence of coverage and/or compensable damage for the Plaintiffs' underlying insurance claim is mandatory to establish the basis of the Plaintiffs' claims under the Texas Insurance Code. Because the Plaintiffs' allegations are generally based upon Defendant's alleged failure to pay policy benefits, the absence of coverage for Plaintiffs' underlying insurance claim precludes the Plaintiffs' Insurance Code and extra-contractual claims against Defendant and arising out of those allegations.

31. Defendant would show that a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance benefits under policy 84-B5-Z131-9 the existence of coverage and claim value. Moreover, a *bona fide* controversy exists regarding the existence of coverage and the valuation of Plaintiffs' claim. Liability, if any, under the contract has not been reasonably clear at any time during the claim, and is not yet reasonably clear.

32. Defendant specifically denies any act or omission on its part that would justify any claim for exemplary or treble damages. In addition, any such claims against it are barred by the United States and Texas Constitutions. Plaintiffs' claims for exemplary damages violate Defendant's rights to due process and to be free from excessive fines, penalties, and punishment under both Texas and federal law. Without limitation, Plaintiffs have failed to plead any predicate authorizing the recovery of punitive damages. Furthermore, to the extent Plaintiffs seek punitive damages, such request should be denied as violative of the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

# IV.
# PRAYER

WHEREFORE, Defendant State Farm Lloyds respectfully prays that Plaintiffs take nothing by their suit herein, and for all other relief to which Defendant is justly entitled.

Respectfully submitted,

PACKARD HOOD JOHNSON & PAUL, LLP
Amarillo Building, South Tower
301 South Polk Street, Suite 375
Lobby Box 34
Amarillo, Texas 79101
(806) 374-3300
FAX (806) 374-3381

*/s/ Dee Johnson*
Dee Johnson
State Bar No. 10705142

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon counsel of records by Electronic Service on the 14th day of June, 2019.

> Blair Saylor Oscarsson
> Sprouse, Shrader, Smith, PLLC
> 701 S. Taylor, Suite 500
> Amarillo, Texas 79101
> (806) 468-3300 – telephone
> (806) 373-3454 – facsimile
> Blair.oscarsson@sprouselaw.com
> ***Attorneys for Plaintiff Valarie Smith***
>
> Brent Hamilton
> Zachary S. Brady
> Laura A. W. Pratt
> 1602 13th Street
> Lubbock, Texas 79401-2931
> (806) 771-1850 – telephone
> (806) 771-3750 – facsimile
> brent@bhlawgroup.com
> zach@bhlawgroup.com
> laura@bhlawgroup.com
> ***Attorneys for Intervenor Charles Smith***

                                                                 /s/ *Dee Johnson*
                                                                Dee Johnson