IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VALARIE SMITH, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 2:18-cv-00210-Z-BP |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this insurance dispute are Defendant's Motion for Summary Judgment and Brief in Support, ECF Nos. 30-31; Plaintiffs' Response and Brief in Support, ECF Nos. 39-40; and Defendant's Reply, ECF No. 43. The case was referred to the undersigned for pretrial management by Order entered on November 26, 2018. ECF No. 6. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Matthew J. Kacsmaryk **GRANT in part and DENY in part** summary judgment to Defendant.

**I.     BACKGROUND**

Plaintiff Valarie Smith ("Mrs. Smith") and her husband Charles Smith, D.O. ("Dr. Smith") (collectively "the Smiths") purchased a homeowner's insurance policy ("the Policy") from Defendant State Farm Lloyds ("State Farm") to insure their property located at 1821 Highway 194, Plainview, Texas ("the Property"). ECF No. 1-2 at 6. The Property was insured under the Policy for years. *Id.* On May 1, 2018, a fire destroyed the Property and its contents. ECF No. 40 at 6. The next day, the Smiths submitted a claim to State Farm under the Policy for the damage caused by the fire. *Id.* at 5. After reviewing their claim, State Farm asserted the Policy had expired before the

fire loss and denied the claim. ECF No. 40-1 at 279. After the claim was denied, the Smiths sent a letter to State Farm on August 1, 2018 demanding that the Policy be renewed. ECF No. 40-1 at 280. State Farm sent the Smiths a letter on August 10, 2018, notifying them that it refused to reinstate the Policy. *Id.* at 282.

State Farm claims that it decided not to renew the Policy in December 2017, prior to the Policy's expiration on March 14, 2018. ECF No. 31 at 2. It contends that it elected not to renew the Policy "based in part on the fact that the Smiths submitted a previous claim for hail damage to the Property and, after receiving some of their policy benefits on that claim, the Smiths failed to complete the work to repair the Property promptly after the date of loss." *Id.* State Farm claims it notified the Smiths of its decision not to renew the Policy by mailing them a letter to that effect on or about February 7, 2018 to the address listed in the Declarations as required by the Policy. *Id.* at 7. State Farm claims it also sent an electronic copy of the letter to the Smiths' insurance agent Kenny Dean ("Dean"). *Id.* State Farm contends it "notified the Smiths that the Policy would not be on their combined bill after February 2018 and ceased to include charges for this homeowner's policy on the Smith's monthly statements. . . ." *Id.* at 8. According to State Farm, the Smiths last made a premium payment for the Policy on January 26, 2018. *Id.*

The Smiths argue that State Farm failed to give proper notice of its decision not to renew the Policy. ECF No. 40 at 6. Specifically, they contend that they never received the notice of nonrenewal letter. *Id.* at 8. They also claim that neither Centennial Bank—the mortgagee on their home loan—nor Dean received the February 7 letter or any other letter giving notice of nonrenewal of the Policy. *Id.* at 8-9. Regarding State Farm's argument that it did not renew the Policy because the Smiths did not complete repairs to the Property following a hail loss, the Smiths respond that the repairs were completed before the Policy was not renewed, which State Farm knew or should

2

have known. ECF No. 1-2 at 7. In addition, the Smiths argue that because they had numerous policies with State Farm and made one monthly premium payment on all of them, they did not know the Policy's premium was not included following the January 26, 2018 payment. ECF No. 40 at 10-11. Finally, the Smiths argue that State Farm's reason for not renewing the Policy is not an allowable ground for nonrenewal under the Policy's terms. ECF No. 40 at 12.

On October 16, 2018, Mrs. Smith and Centennial Bank filed their Original Petition against State Farm in the 242nd Judicial District Court of Hale County, Texas. ECF No. 1-2 at 3. On November 8, 2018, State Farm timely removed the suit to this Court. ECF No. 1. On March 29, 2019, the Court granted Centennial Bank and State Farm's Joint Motion to Dismiss with Prejudice, dismissing with prejudice all claims asserted by Centennial Bank and terminating it as a party. ECF No. 13. On May 14, 2019, State Farm filed a Motion to Dismiss for Failure to Join a Party. ECF No. 14. Thereafter, Dr. Smith filed an Agreed Motion to Intervene on June 12, 2019, which was granted. ECF Nos. 18 and 19. Dr. Smith filed his Intervenor Complaint, State Farm moved to withdraw its Motion to Dismiss, and its motion was granted. ECF Nos. 23, 25, and 26.

On October 25, 2019, State Farm filed its Motion for Summary Judgment with Brief in Support. ECF Nos. 30 and 31. On February 17, 2020, the Smiths filed their Response and Brief in Support. ECF Nos. 39 and 40. State Farm filed a Reply on February 26, 2020. ECF No. 43. The Motion has been fully briefed and is ripe for determination.

## II.    LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249–50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court must view summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242–43. The movant's motion for summary judgment will be granted only if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

Because the Smiths assert jurisdiction based on diversity of citizenship, the Court applies the law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, the court must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted). In making that determination, the court defers "to intermediate state appellate court decisions, 'unless convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Herrmann Holdings Ltd. V. Lucent Tech., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (quoting *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l,* 142 F.3d 802, 809 (5th Cir.1998).

**III.   OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE**

In its Reply to the Smiths' Response to the Motion, State Farm objects to numerous

5

documents offered by the Smiths in support of their Response. ECF No. 43 at 1-2. The Smiths did not respond to State Farm's objections. State Farm objects to the policy at issue (Appendix 1-20), check from State Farm to the Smiths (249), State Farm policy regarding the Smiths' structural damage claim (250-76), letters from State Farm (248, 278, and 281), letter from the Smiths' counsel (279-80), and an excerpt from State Farm's claim file (312) as hearsay. The undersigned finds that these documents are not inadmissible evidence for summary judgment purposes under Federal Rule of Civil Procedure 56. All that is required at this point is that the documents offered could be presented in a form that would be admissible in evidence at trial. Fed. R. Civ. P. 56(c)(2); *Maurer v. Independence Town*, 870 F.3d 380, 383 (5th Cir. 2017) ("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form."). Because it appears that the Smiths could present the documents to which State Farm objects in admissible form, and State Farm has not shown otherwise, the Court overrules its hearsay objections at this time.

Additionally, the Court specifically overrules State Farm's hearsay objections to its own documents (Appendix 1-20, 249, 250-76, 248, 278, 281, and 312) because they are statements of State Farm offered by its opponents in this case and thus are not hearsay. Fed. R. Evid. 801(2). The Court likewise overrules State Farm's objections to the letter from the Smiths' counsel (279-80). The Court views that letter as evidence that the Smiths notified State Farm of their demand that it renew the Policy. "Evidence introduced to prove merely that notice was given is not offered to prove the truth of the matter asserted therein and, therefore, is not hearsay." *United States v. Central Gulf Lines, Inc.*, 747 F.2d 315, 319 (5th Cir 1984).

State Farm objects to the Smiths' offer of the complete depositions of the Smiths and Dean under Fed. R. Civ. P. 56 and Fed. R. Evid. 401-403 because "only relevant pages should be cited

6

and included in summary judgment record." The Court overrules these objections. It is true that the Court has no duty to search through the summary judgment record to find evidence in support of a party's position. *See Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir. 1996) (district court need not "survey the entire record in search of evidence to support a non-movant's opposition"). However, neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prevent a party from offering complete depositions in support of a response to a summary judgment motion. Moreover, State Farm's global objections to the relevance and prejudicial effect of the offered depositions are too broad and nonspecific for the Court to determine the parts of the depositions to which State Farm objects. Fed. R. Evid. 103. The Court therefore overrules its objections to the depositions on this additional basis.

State Farm also objects to its letter advising the Smiths that it was not renewing the policy (248) as "cumulative of Appendix Page 27" and under Fed. R. Evid. 403. The Court overrules these objections. It appears that State Farm's cumulative objection refers to the Smiths' inclusion of the letter on page 277 of the Appendix, not page 27. Though the letter was included in State Farm's appendix (ECF No. 306 at 4) and twice in the Smiths' appendix, this is not a burdensome repetition. State Farm's objection to the letter under Fed. R. Evid. 403 likewise appears to be a typographical error since the non-renewal letter and the issue of whether State Farm mailed it to the Smiths are at the heart of this case. The Court sees no reason why State Farm would wish to exclude it from evidence.

Finally, State Farm objects to the insurance policy at issue in the Smiths' structural damage claim (250-76) as irrelevant and more prejudicial than probative under Fed. R. Evid. 401-403. The Court overrules these objections. This document is relevant to the Smiths' claim that State Farm declined to renew the Policy for an impermissible reason. There is no prejudice that the Court can

conceive that would outweigh the probative effect of the insurance policy at issue in the Smiths' previous structural damage claim.

IV. ANALYSIS

This case turns on whether the Policy was in effect when the fire destroyed the Property. State Farm argues that no coverage existed because it did not renew the Policy, and it properly gave the Smiths notice of the nonrenewal. The Smiths contend that State Farm must provide coverage because it failed to properly give notice of nonrenewal. The Smiths sue for breach of contract and three extra-contractual claims: violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the common-law duty of good faith and fair dealing. Because a dispute of material fact exists as to the Smiths' breach of contract claim, Judge Kacsmaryk should deny State Farm's Motion on that ground. Since State Farm defends against the Smiths' extra-contractual claims by arguing that it properly declined to renew the Policy, and a fact issue exists on that point, Judge Kacsmaryk likewise should deny State Farm's Motion as to those claims. He should grant summary judgment to State Farm on the issue of its right to not renew the Policy for the reason that "the Smiths submitted a previous claim for hail damage to the Property and, after receiving some of their policy benefits on that claim, the Smiths failed to complete the work to repair the Property promptly after the date of loss."

A. **Breach of Contract Claims**

1. **Nonrenewal of Policy**

State Farm argues in response to the Smiths' breach of contract claim that it properly notified the Smiths of its intent not to renew the Policy and that the Policy lapsed on March 14, 2018. In support of this argument, State Farm relies on section 551.105 of the Texas Insurance Code, which provides:

8

> Unless the insurer has mailed written notice of nonrenewal or renewal with written notice of change in coverage as provided by Section 2002.001 to the insured not later than the 30th day before the date on which the insurance policy expires, an insurer must renew an insurance policy, at the request of the insured, on the expiration of the policy.

Tex. Ins. Code § 551.105 (West Supp. 2012). The Policy mirrors section 551.105 and states in pertinent part:

> If we refuse to renew this policy, we must deliver to you, or mail to you at your mailing address shown in the Declarations, written notice of our refusal to renew not later than the 30th day before the date on which this policy expires. Proof of mailing will be sufficient proof of notice. If we fail to give you proper notice of our decision not to renew, you may require us to renew the policy.

ECF No. 30-6 at 9.

In its Motion, State Farm claims that it mailed a letter to the Smiths on February 7, 2018, notifying them of its decision not to renew the Policy. ECF No. 31 at 7. A copy of the letter is included in appendix of evidence offered by State Farm. ECF No. 30-6 at 4. The letter was addressed to the Smiths at the address listed in the Declarations, 215 Quail Ridge Rd., Amarillo, Texas 79118, as required by the Policy. *Id.*

The February 7 letter, which is the only evidence that State Farm has presented in support of its contention, is unsigned. Nor is its author identified. State Farm did not offer any proof that it actually mailed the letter to the Smiths. It did not offer any affidavit or testimony from its employee or agent proving that it mailed the letter to the Smiths, a certified mail return receipt, or any proof of mailing from the United States Postal Service or other delivery service. In contrast, the Smiths offered evidence that they never received the letter. They testified that they did not receive it. ECF No. 40-1 at 70. The president of Centennial Bank testified by affidavit that the bank did not receive the letter or any other notice from State Farm regarding nonrenewal of the Policy. *Id.* at 247-48. Additionally, Dean testified in his deposition that he was not aware that the

Policy had not been renewed until May 1, 2018. *Id.* at 104. Dean did admit, however, that his office received an electronic copy of a nonrenewal letter on or about December 6, 2017. *Id.* at 103.

Other than a copy of the letter in State Farm's file, attached to a business records affidavit, there is no summary judgment evidence that State Farm mailed or delivered the notice of nonrenewal to the Smiths. Although a rational jury could find that the presence of the letter in State Farm's business records suggests that State Farm mailed it to the Smiths as it was required to do, and that the Smiths simply did not receive it or that they are not being truthful about their receipt of the letter, the jury also could believe that State Farm did not mail the letter. Because no sufficient proof of mailing is in the record, and there is sufficient evidence to prove that the Smiths never received the letter, corroborated by the testimony of their banker, and by their insurance agent, to some extent, a material issue of fact exists as to whether State Farm properly nonrenewed the Policy.

### 2. Non-payment of Premium

State Farm argues that "[a]s further evidence of the fact that [it] notified the Smiths of the nonrenewal, [it] dropped the premium for the Policy at issue from the monthly statement it sent to the Smiths, with a clear indication that particular Policy had been non-renewed." ECF No. 40 at 8. It suggests that because the Policy is noted as having been removed from the Smiths' account beginning with the statement for payment due on or before February 14, 2018, the Smiths were on notice about its nonrenewal. However, State Farm cannot supplant its obligation to provide a written notice of nonrenewal to the Smiths with a statement in the bill indicating the Policy has been removed. The Insurance Code clearly states that the insurer must mail a written notice of nonrenewal with written notice of change in coverage to the insured not later than the thirtieth day before the date the policy expires. *See* Tex. Ins. Code § 551.105. Similarly, the Policy states that

10

the insurer must deliver or mail to the insured a written notice of the refusal to renew. State Farm's argument that the monthly statement noting the Policy was removed from the account demonstrates that it notified the Smiths of the nonrenewal is insufficient notice of nonrenewal under the terms of the Policy and Texas law.

State Farm further argues that the Smiths' non-payment of premium establishes their knowledge of and acquiescence in its nonrenewal decision. ECF No. 40 at 9. It cites *Tex. Farm Bureau Underwriters v. Rasmussen*, 410 S.W.3d 335, 338 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) and argues that payment of an insurance premium is a condition precedent to establish liability against an insurer and that an insured who fails to make premium payments cannot argue that the policy is still in effect. But in *Rasmussen*, the insurer proffered evidence and testimony that it had mailed to the insured a notice of renewal and a demand for the premium to cover the subsequent term prior to the policy's expiration. *Id.* at 337. The insureds testified they had not received either of the notices and that they were not aware that a premium was due. *Id.* The central issue concerned the effect of an insured's failure to pay the premium. *Id.* at 339. The court held that because the insureds did not pay the premium, the policy expired by its own terms before the fire occurred. *Id.* at 340.

State Farm additionally cites *Texas Specialty Underwriters, Inc. v. Tanner*, 997 S.W.2d 645, 649 (Tex. App.—Dallas 1999, pet. denied) to support its argument that there is no automatic policy renewal that occurs at the expiration just because the insurer failed to send a notice of nonrenewal to the insured. In *Tanner*, the insurer mailed a letter to the insured's agent indicating that the policy was set to expire and offering a renewal. *Id.* at 646. The insured admitted he received the letter from the agent about sixty days before his policy was scheduled to expire. *Id.* at 647. However, the insured did not accept the offer, and the policy subsequently lapsed on its expiration

date. *Id.* The court held that because the insured had been given the option to renew the policy but did not accept the offer, the policy expired by its own terms and the insurer was not required to mail a written notice of nonrenewal. *Id.* at 648-49.

*Rasmussen* and *Tanner* are distinguishable from the present case because the insurance companies there sent the insureds an offer of renewal to which the insureds responded by refusing to pay the necessary renewal premium. Because they gave the insureds an option to renew, which offer the insureds rejected by failing to pay their premiums, the courts held that the policies expired by their own terms. Here, there is no evidence that State Farm offered to renew the Policy. Such a renewal notice would have given the Smiths an opportunity to pay the premium or secure coverage through another insurer. Without having offered such an opportunity, State Farm cannot now argue that the Smiths' non-payment of the premium precludes them from establishing liability against it. Nor can it argue that their non-payment shows their knowledge of its nonrenewal decision, particularly given that there is a material fact issue as to whether State Farm properly provided a notice of nonrenewal.

### 3.     Reason for Nonrenewal

Apart from the issue of whether the nonrenewal notice was mailed or delivered as required by the Policy, the Smiths argue that State Farm breached the Policy by nonrenewing it for an unauthorized reason. They contend that the Policy limits State Farm's right to not renew to the following provision:

> We may not refuse to renew this policy solely because you are an elected official.
>
> We may refuse to renew this policy if you have filed three or more claims under the policy in any three year period provided that we have given you notice in compliance with Texas law. Such notice will list two prior claims you have made under the policy and will provide, in part, that the filing by you of another claim could cause us to refuse to renew your policy.

ECF No. 30-6 at 8. The Smiths claim that State Farm "breached the Policy by both failing to provide notice of two prior claims made under the Policy and by non-renewing the Policy because 'rebuild of the home has not yet started.'" ECF No. 40 at 12. State Farm responds that the Smiths' argument impermissibly restricts its ability to decline to renew a policy. ECF No. 43 at 5.

The Smiths' argument is without merit for the simple reason that under Texas law the insurer has the right to decline to renew a policy for any reason or for no reason at all. *See Madden v. Indiana Lumbermens Mut. Ins. Co.*, 451 S.W.2d 764, 765 (Tex. App.—Dallas 1970, writ ref'd n.r.e.); *see also Am. Nat'l Ins. Co. v. Ball*, 218 S.W. 71, 71–73 (Tex. App.—San Antonio 1920, no writ). "But parties may contract otherwise." *Farmers Grp., Inc. v. Geter*, No. 13-18-00187-CV, 2019 WL 5076510, at *7 (Tex. App.—Corpus Christi Edinburg Oct. 10, 2019, no pet. h.). As State Farm correctly notes, the Policy's provision permitting it to refuse to renew if an insured has filed three or more claims in a three-year period does not constitute an exhaustive list of the bases on which it may choose not to renew. Instead, it simply illustrates one such scenario. The Policy's only prohibition against State Farm's ability to renew involves refusing to renew a policy "solely because you are an elected official." ECF No. 30-6 at 8. Because State Farm's decision not to renew was based on a reason other than the one specifically prohibited under the Policy, and it retained the right to refuse to renew for any reason at all, it did not breach the Policy by basing its decision on that reason.

    **B.**    **Extra-Contractual Claims**

The Smiths assert extra-contractual claims against State Farm for alleged violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the common-law duty of good faith and fair dealing. State Farm contends that summary judgment is proper on these claims because it sent advance written notice of nonrenewal to the Smiths, it did

not commit any statutory violation, and there is no causation or damages to support claims of bad faith or deceptive insurance practices. ECF No. 31 at 11. Because the undersigned concludes that whether State Farm properly nonrenewed the Policy remains a question of fact, State Farm's Motion as to the Smiths' extra-contractual claims also should be denied. If the jury concludes that State Farm improperly denied the Smiths' claim because the Policy was in effect at the time of the fire, issues of fact would remain for the jury's determination on the Smiths' extra-contractual claims as well.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge Kacsmaryk **GRANT in part and DENY in part** summary judgment to State Farm. Specifically, he should deny State Farm's Motion as to the Smiths' breach of contract and extra-contractual claims and grant it to the extent that the Smiths assert that State Farm could not decline to renew the policy for the reason State Farm relied upon in making that decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 8, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE