IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| VALERIE SMITH, et al.,, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:18-CV-210-Z-BP |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant State Farm Lloyds' Traditional Motion for Summary Judgment, filed October 25, 2019 (ECF No. 30) ("MSJ"). Defendant asserts it is entitled to summary judgment on all Plaintiff's claims because it notified Plaintiff two months before a fire destroyed her house that her homeowner's insurance policy had not been renewed. *See* MSJ ¶¶ 1-5, at 1-3. Three weeks ago, the United States Magistrate Judge to whom this case was referred recommended the Court grant in part and deny in part the MSJ. *See* ECF No. 44, at 14 ("FCR"). Defendant objects that the Magistrate Judge misunderstood the relevant facts and arrived at multiple erroneous conclusions. *See* Defendant State Farm Lloyds' Objections to Findings, Conclusions, and Recommendations ¶¶ 3-21, at 2-9, filed May 22, 2020 (ECF No. 49) ("Objections to FCR"). After an independent and de novo review, *see* FED. R. CIV. P. 72(b)(3), the Court DISMISSES Defendant's objections and ADOPTS the Magistrate Judge's FCR in full.

**BACKGROUND**

Plaintiff and her husband finished building and moved into a large house in Plainview, Texas in 2005. *See* V. Smith Dep. 5:5-17, *reprinted in* ECF No. 40-1, at 26. They lived there only

1

until 2009, when they moved to Amarillo to raise horses and alpacas, but they retained ownership of the house. *See id.* at 7:18-8:8. In 2012, Plaintiff insured the house with Defendant. *See id.* at 14:3-15:1. Plaintiff made an insurance claim in 2017 for hail damage to the roof. Defendant paid on the claim, but Plaintiff did not immediately repair the roof. In February 2018, Defendant wrote a letter to notify Plaintiff it would not renew the insurance policy on the house because of Plaintiff's delay in repairing the roof. *See* Letter from State Farm Lloyds to Valerie and Charles Smith 1 (Feb. 7, 2018), filed October 25, 2019 (ECF No. 30-6, at 4) ("Nonrenewal Letter"). The Nonrenewal Letter states coverage would expire on March 14, 2018. *See id.*

Fire destroyed the house on May 1, 2018. *See* Brief in Support of Joint Response of Plaintiff and Intervenor to State Farm Lloyd's Traditional Motion for Summary Judgment ¶10, at 6, filed February 17, 2020 (ECF No. 40) ("Response to MSJ"). When Plaintiff filed an insurance claim to cover the fire loss, Defendant denied the claim on the grounds that the insurance policy already had expired. *See* Response to MSJ ¶ 11, at 6; Defendant State Farm Lloyds' Brief in Support of Traditional Motion for Summary Judgment ¶ 4, at 3, filed October 25, 2019 (ECF No. 31) ("Brief in Support of MSJ"). Plaintiff claimed she never received the Nonrenewal Letter and demanded through counsel that (1) Defendant reinstate the insurance retroactive to March 14, 2018; and (2) Defendant pay on her fire loss claim. *See* Letter from Blair Saylor Oscarsson to Jonathan Barnett 1 (Aug. 1, 2018), filed February 17, 2020, *reprinted in* ECF No. 40-1, at 280. Defendant declined to reinstate the policy or pay on the claim. *See* Letter from Irenio Torres to Blair Saylor Oscarsson 1 (Aug. 10, 2020), filed February 17, 2020, *reprinted in* ECF No. 40-1, at 282.

Plaintiff sued Defendant in state court for (1) breach of contract; (2) unfair or deceptive business practices; (3) failure to promptly pay on an insurance claim; (4) improper cancellation of the insurance policy; and (5) deceptive trade practices. *See* Plaintiff's Original Petition ¶¶ 5.1-5.5,

2

at 3-7, filed November 1, 2018, *reprinted in* ECF No. 1-2, at 7-11. Defendant removed the case to this Court. *See* Defendant State Farm Lloyds' Notice of Removal, filed November 8, 2018 (ECF No. 1). To avoid a conflict of interest, the Court referred the case for pretrial matters to a magistrate judge outside the Amarillo Division. *See* ECF Nos. 4 & 6.

Defendant filed the MSJ last October, arguing it is entitled to summary judgment on all claims because no valid insurance contract existed when the house burned down. *See* Brief in Support of MSJ ¶¶ 18-20, at 7-8. Defendant supports this argument on two main stanchions: (1) the Nonrenewal Letter; and (2) billing statements starting in February 2018 that expressly state the insurance coverage was not renewed and lack a line item charging monthly premium payments for the coverage. *See* Billing Statements, *reprinted in* ECF No. 30-7, 7-17. Defendant urges that these documents prove Plaintiff knew about and acquiesced to nonrenewal of the coverage. *See id.* ¶¶ 21-22, at 8-9. Because the coverage expired before the fire, Defendants conclude, the Court must hold that none of Plaintiff's claims have merit. *See id.* ¶¶ 25-28, at 10-11.

Plaintiff denies she received the Nonrenewal Letter. *See* Response to MSJ ¶¶ 19-22, at 7-9. She states Defendant offers no proof it ever *mailed* the letter, and she offers deposition testimony from herself, a representative of her mortgagee bank, and her insurance agent that none of the three *received* the letter. *See id.* ¶¶ 19-22, at 8-9. Plaintiff concludes therefrom that a genuine issue of material fact precludes summary judgment on whether the insurance policy was nonrenewed. *See id.* ¶ 27, at 10-11. Plaintiff further contends this open question prevents the Court from granting summary judgment on her related claims of (1) breach of contract; (2) demonstrated bad faith; and (3) violated extracontractual duties. *See id.* ¶¶ 36-42, at 14-17. In the alternative, Plaintiff argues Defendant lacked authority to cancel her insurance coverage because the insurance policy does not list slow rebuild after payment of a claim as a basis for nonrenewal. *See id.* ¶¶ 30-32, at 9-10.

Defendant replies that Fifth Circuit caselaw requires only proof of *mailing* — not proof of *receipt* — when an insurance policy is nonrenewed. *See* Defendant State Farm Lloyds' Reply to Joint Response of Plaintiff and Intervenor to Defendant's Motion for Summary Judgment ¶ 1, at 2-3, filed February 26, 2020 (ECF. No. 43) ("Reply to MSJ"). Defendant reasserts it has decisively proven it mailed the Nonrenewal Letter and urges the Court to reject Plaintiff's "self-serving" assertions of lost mail. Reply to MSJ ¶ 1, at 1; *id.* ¶ 5, at 4. Repeating earlier arguments, Defendant re-urges the Court for summary judgment on all Plaintiff's claims. *See id.* ¶¶ 10-15, at 6-8.

The United States Magistrate Judge on May 8, 2020 recommended the Court grant in part and deny in part the MSJ. *See* ECF No. 44, at 14. Specifically, he urged the Court to deny summary judgment on Plaintiff's breach of contract and extracontractual claims but to grant summary judgment on the narrow question of whether Defendant could have declined to renew the insurance policy for its proffered reason of delayed rebuild after payment on the hail damage claim. *See id.*

Defendant lodges five objections against the FCR.

First, it asserts the Magistrate Judge ignores ironclad proof in Defendant's filings — "a business records affidavit authenticating the letter" — that Defendant "actually mailed" the Nonrenewal Letter to Plaintiff. Objections to FCR ¶ 4, at 2.

Second, Defendant contends the Magistrate Judge burkes an obvious inference from that affidavit and the billing statements that Plaintiff knew of and acquiesced to nonrenewal when she stopped making uncharged premium payments. *Id.* ¶ 5, a 3.

Third, Defendant objects to what it argues is the Magistrate Judge's obtuse reasoning from facts to conclusions. The Court quotes the pertinent language here at length because the precise wording will be important later in this Order when the Court discusses whether to impose a Rule 11 sanction on defense counsel for misrepresentation to the Court:

4

The Magistrate acknowledges that State Farm presented a copy of a letter dated February 7, 2018, notifying the Smiths that their policy would not be renewed, supported by a business records affidavit. State Farm did not submit additional evidence of mailing the letter by affidavit, certified mail return receipt or other method. The Smiths and the mortgagee, Centennial Bank, submitted evidence denying that they received the non-renewal letter. **The Magistrate conceded that a "rational jury could find that the presence of the letter in State Farm's business records suggests that State Farm mailed [the letter] to the Smiths as it was required to do . . . ." Nevertheless, the Magistrate concluded that the denial of receipt by the Smiths and their banker was adequate to create a fact issue as to whether State Farm properly non-renewed their policy.**

Objections to FCR ¶ 10, at 5 (emphasis added) (ellipses added in Objections to FCR). Leveraging curiously convenient ellipses, Defendant seems to assert the Magistrate Judge determined in the FCR that Defendant's position was the only rational reading of the facts but "nevertheless" came to a logically discordant conclusion that allows Plaintiff's claims to escape summary judgment based on nothing but bald assertions. Objections to FCR ¶¶ 11-13, at 5-6.

Fourth and arguing in the alternative, Defendant asks the Court to defer ruling on Defendant's own MSJ until Defendant can offer additional proof it mailed the Nonrenewal Letter. *See* Objections to FCR ¶ 14, at 7. Defendant anticipates it can supplement the record with this proof "shortly after the Memorial Day holiday." *Id.* ¶¶ 16-17, at 7-8. Defendant expresses concern about wasting Court time and resources on a trial when decisive proof lies at the ready. *See id.* Defendant clarifies in a new document filed without leave of the Court that this proof is a declaration that "the regular business practice of State Farm is to image non-renewal letters and place them in the file only after the letter has been mailed to the policyholder." Defendant's Opposed Motion for Leave to Supplement Record ¶ 5, at 2, filed May 29, 2020 (ECF No. 51)

Fifth and finally, Defendant argues for the first time — and despite earlier professions it was *not* making this claim — that Plaintiff's nonpayment of uncharged insurance premiums in March 2018 and later months resulted in automatic policy nonrenewal before the May 2018 fire.

5

*See id.* ¶¶ 18-19, at 8-9. In an apparent appeal to public policy and moral hazard theory, Defendant maintains Plaintiff has no right to now retroactively demand "free" insurance covering March 2018 through May 2018. *Id.* ¶¶ 20-21, at 9.

### LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Clark v. Champion National Security, Inc.,* 952 F.3d 570, 578 (5th Cir. 2020). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Tagore v. United States,* 735 F.3d 324, 328 (5th Cir. 2013). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *In re Hinsley,* 201 F.3d 638, 643 (5th Cir. 2000). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).[1]

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Accord Duckett v. City of Cedar Park,* 950 F.2d 272, 276 (5th Cir. 1992); *Rivers v. Schiwart,* 2020 WL 1894194, at *2 (N.D. Tex. Mar. 25, 2020). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Bargher v. White,* 928 F.3d 439, 444 (5th Cir. 2019). Merely colorable evidence or evidence not significantly probative will not defeat a properly

---

[1] The *Duffie* opinion contains an incorrect *Celotex* pincite. The citation here corrects that pincite but otherwise leaves the citation unchanged.

supported motion for summary judgment. *Anderson,* 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court must view summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Rosado v. Deters,* 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are "resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy." *Burns v. Harris County Bail Bond Bd.,* 139 F.3d 513 (5th Cir. 1998). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *See Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In making its determination on a motion for summary judgment, the Court examines the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. *See* FED. R. CIV. P. 56(c)(1); *Williams v. Adams,* 836 F.2d 958, 961 (5th Cir. 1988); 10A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2722 (4th ed. 2020). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 242-43; *accord Cadena v. El Paso County,* 946 F.3d 717, 725 (5th Cir. 2020). The movant's motion for summary judgment will be granted only if he meets his burden and the nonmovant fails to show that a genuine issue exists as to any material fact. FED. R. CIV. P. 56; *Duckett,* 950 F.2d at 276.

ANALYSIS

## A. Nonrenewal of Insurance Policy

This case turns on whether Plaintiff's house was insured when it burned down. Defendant has provided some evidence in support of the assertion it *generated* the Nonrenewal Letter. But nowhere in hundreds of pages of filings, exhibits, and appendices is there *any* evidence Defendant *mailed* the Nonrenewal Letter. This difference between generation and mailing of the letter is important, but the nuance appears to be lost on Defendant, who strenuously asserts in filing after filing that an internal record of generation is equivalent to proof of mailing. To draw an analogy that might prove accessible and helpful in highlighting the difference, consider the difference between completing and mailing an income tax form in TurboTax. A tax filer can generate the form, fill out and sign it, affix postage to it, and even walk it to the mailbox. But if the filer does not actually drop the envelope into the mailbox, he has not *mailed* the generated form.

The Court takes note of the business records affidavit Defendant filed that authenticates the generated letter. But Defendant itself admits it "did not submit additional evidence of **mailing** the letter by affidavit, certified mail return receipt or other method." Objections to FCR ¶ 10, at 5 (emphasis added). Because Texas law requires an insurer to *mail* a notice of nonrenewal before terminating an insurance policy, the absence of proof of mailing leaves open the material question of whether the policy was in fact nonrenewed. For their part, Plaintiff, her mortgagee bank, and local insurance agent all deny receiving the Nonrenewal Letter before the date of the fire. Because the federal courts rebuttably presume the United States Postal Service delivers mail it receives, a genuine controversy therefore emerges as to the purported mailing. Rule 56 requires the Court to resolve this controversy in favor of the nonmovant party, i.e. the Plaintiff. The Court therefore

8

ADOPTS the Magistrate Judge's recommendation and DENIES Defendant's motion for summary judgment on this question.

Defendant asks the Court in the alternative for additional time to file more proof of mailing before it reviews the FCR. Rule 56(e)(1) of the Federal Rules of Civil Procedure provides the Court discretion to allow such time, and Local Rule 56.7 gives a presiding judge leeway to allow a party to supplement its motion for summary judgment. *See* N.D. TEX. CIV. R. 56.7. The Court normally would be inclined to generously grant such leave to supplement. But it notes Defendant already had multiple bites at the apple but repeatedly has failed over months to provide the very evidence it now seeks leave to provide. Defendant cannot use the FCR as a "mere sounding-board for the sufficiency of [its] evidence." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.,* 322 F.3d 847, 862 (5th Cir. 2003).

Even if the Court were to grant Defendant leave to supplement, the proof Defendant intends to offer — a declaration that "*regular business practice*" is to image non-renewal letters only after they are mailed — would not allow Defendant to meet its heavy burden at the summary judgment stage to prove the letter was mailed *in this case.* The Court would confront two conflicting views of the facts, neither of which offers a confirmed documentary record. Because the Court at the summary judgment stage must consider ambiguous facts in the light most favorable to the nonmovant, the Court could not grant summary judgment on this question even with the specified declaration.

### B.  Automatic Nonrenewal Because of Non-Payment of Premiums

Defendant argues the Magistrate Judge failed to recognize how Plaintiff's nonpayment of uncharged insurance premiums covering March 2018 to May 2018 independently led to automatic nonrenewal of her insurance policy before the May 2018 fire. Defendant's argument cannot

survive serious scrutiny. Defendant never billed Plaintiff for the insurance premium it intended not to renew. It cannot now colorably argue that nonpayment of a bill never charged resulted in termination of that policy. While the Court appreciates Defendant's fear of moral hazard, this argument would render code notification requirements a dead letter. The Court accordingly ADOPTS the Magistrate Judge's recommendation and DENIES Defendant's motion for summary judgment on this question.

### C. Defendant's Authority not to Renew for Reason Stated in Nonrenewal Letter

Plaintiff asserts Defendant would have lacked authority to not renew her insurance policy even if Defendant mailed the Nonrenewal Letter. Plaintiff's reads the following language from her insurance policy as an exhaustive list of reasons Defendant could decline to renew it:

> We may refuse to renew this policy if you have filed three or more claims under the policy in any three[-]year period[,] provided that we have given you notice in compliance with Texas law. Such notice will list two prior claims you have made under the policy and will provide, in part, that the filing by you of another claim could cause us to refuse to renew your policy.

ECF No. 30-6, at 8. The Court agrees with Defendant that Plaintiff's reading is unnatural. The provision does not purport to offer an exhaustive list of reasons for policy nonrenewal. Instead, it illustrates a single scenario. Plaintiff's narrower reading ignores an insurer's default right under Texas law to decline to renew a policy for any reason other than the insured's being elected to political office. *See Madden v. Indiana Lumbermens Mut. Ins. Co.,* 451 S.W.2d 764, 65 (Tex. App. — Dallas 1970, writ ref'd n.r.e.). No reasonable interpretation of Plaintiff's policy suggests the parties contracted away Defendant's default right. *See* ECF No. 30-6 § 6, at 8-9. The Court therefore ADOPTS the Magistrate Judge's recommendation and GRANTS Defendant summary judgment on the question of whether it could refuse to renew Plaintiff's policy for the reason the Nonrenewal Letter states.

### D. Extracontractual Claims

Plaintiff asserts extracontractual claims against Defendant for alleged violations of (1) the Texas Deceptive Trade Practices Act; (2) the Texas Insurance Code; and (3) the common-law duty of good faith and fair dealing. Because the Court finds *supra* that a question of fact remains as to whether Defendant mailed the Nonrenewal Letter, Defendant's motion for summary judgement on these extracontractual questions logically must be denied. The Court accordingly ADOPTS the Magistrate Judge's recommendation and DENIES Defendant summary judgment on this question.

### E. Misrepresentation to the Court

The Court returns briefly to the text from Defendant's Objections to FCR block quoted on page five of this Order. Defendant therein objects that the Magistrate Judge in his FCR "conceded that a 'rational jury could find that the presence of the letter in State Farm's business records suggests that State Farm mailed [the letter] to the Smiths as it was required to do . . . ." Objections to FCR ¶ 10, at 5. The start of the quotation mid-sentence and the terminal ellipses do a lot of camouflage work. If Defendant had quoted the Magistrate Judge's sentence more fully, it would have read as follows: "The Magistrate conceded that "**[a]lthough** a rational jury could find that the presence of the letter in State Farm's business records suggests that State Farm mailed it to the Smiths as it was required to do, . . . **the jury also could believe that State Farm did not mail the letter.**" FCR at 10 (emphasis added to text not quoted in Objections to FCR). The Court must conclude on the totality of the circumstances that defense counsel sought to mislead the Court on this point.

A district court has broad authority to impose sanctions on any party or party counsel who engages in litigation misconduct. *See* FED. R. CIV. P. 11; 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1336 (4th ed. 2020). The Court's authority begins with but

extends beyond the violations listed in Rule 11 of the Federal Rules of Civil Procedure to encompass any other conduct a presiding judge feels has been undertaken in bad faith. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 49-50 (1991). The presiding judge may impose sanctions for such bad faith, but he or she should consider the circumstances involved. *See* FED. R. CIV. P. 11 advisory committee note (1993 amendment). In particular, the Court should consider the following nine factors:

(1) whether the improper conduct was willful, or negligent;
(2) whether it was part of a pattern of activity, or an isolated event;
(3) whether it infected the entire pleading, or only one particular count or defense;
(4) whether the person has engaged in similar conduct in other litigation;
(5) whether it was intended to injure;
(6) what effect it had on the litigation process in either time or expense;
(7) whether the responsible person is trained in law;
(8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and
(9) what amount is needed to deter similar activity by other litigants

*See id.*

Factors one and seven weigh against defense counsel, who appears to have willfully misrepresented the Magistrate Judge's findings to make his conclusions appear illogical and unfounded. The remaining factors, however, cut in her favor. This was an isolated event, and the Court has uncovered no record of any sanction imposed on her over nearly three decades as a member of the Texas bar. The misrepresentation also was easy to uncover and did not result in substantial waste of time or expense for the Court or the opposing party. And in the Court's considered judgment this written admonition will be sufficient to deter future conduct. Since multiple federal courts of appeal have held "deterrence" to be the factors' *primus inter pares*, the Court declines to invoke its discretion under Rule 11 to sanction the misconduct unless it becomes part of a larger pattern. *See, e.g., Rentz v. Dynasty Apparel Indus., Inc.,* 556 F.3d 389 (6th Cir. 2009); *In re Sargent,* 136 F.3d 349, 352-53 (4th Cir. 1998); *cf.* 5A CHARLES A. WRIGHT & ARTHUR

R. MILLER, FED. PRAC. & PROC. CIV. § 1336 (4th ed. 2020) (presiding judge need not apply Rule 11 sanctions posthaste).

Accordingly, the Court ADOPTS the findings, recommendations, and conclusions of the Magistrate Judge and GRANTS in part and DENIES in part Defendant's MSJ. Specifically, the Court (1) GRANTS Defendant's motion for summary judgment on the question of whether it could decline to renew Plaintiff's insurance policy for the reason stated in the Nonrenewal Letter; but (2) DENIES Defendant's MSJ as to Plaintiff's breach of contract and extracontractual claims. Defendant's Opposed Motion for Leave to Supplement Record, filed May 29, 2020 (ECF No. 51) is DENIED as MOOT. Finally, the Court expressly ADMONISHES defense counsel to refrain from the type of selective quotation that is potentially misleading and potentially violative of Rule 11.

**SO ORDERED**.

June ___/___, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

13